Aaron Brown, Esq (SBN 277981)
CALIFORNIA TRIAL TEAM, P.C.
444 W. Ocean Blvd., Suite 1750
Long Beach, CA 90802
Telephone: (562) 495-8405
Fax: (562) 485-4719
Email: aaron@caltrialteam.com

Attorneys for Plaintiff
STEPHANIE REONA PROCKO

Anthony E. Goldsmith, Esq. (SBN 125621)
DERBY McGUINNESS & GOLDSMITH LLP
21550 Oxnard Street, Suite 300
Woodland Hills, CA 91367
Telephone: (818) 213-2761
Facsimile: (510) 359-4419
Email: info@dmglawfirm.com

Steven L. Derby, Esq. (SBN 148372)
DERBY McGUINNESS & GOLDSMITH LLP
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (510) 987-8778
Fax: (510) 359-4419
Email: info@dmglawfirm.com

Attorneys for Plaintiffs
V.P. by and through her
*Guardian ad Litem* BRYAN PROCKO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE REONA PROCKO and V.P. by and through her *Guardian ad Litem* BRYAN PROCKO<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MURRIETA and DOES 1-50, Inclusive,<br><br>Defendants. | CASE NO.<br><br>Civil Rights<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs STEPHANIE REONA PROCKO and V.P. by and through her *guardian ad litem* BRYAN PROCKO complain of Defendants CITY OF MURRIETA, and DOES 1-50, inclusive, and each of them, and allege as follows:

## **INTRODUCTION**

1.      This case involves the denial of accessible and safe public property, including curb ramps and other paths of travel in the public rights of way in the City of Murrieta, California, to Plaintiffs STEPHANIE REONA PROCKO ("S. PROCKO") and V.P. by and through her *guardian ad litem* BRYAN PROCKO ("V. P."). Plaintiffs allege that facilities, features, elements, or conditions in the subject public right of way (including curb ramps) that were designed and/or constructed and/or owned and/or operated and/or maintained and/or inspected and/or subject to modifications and alterations by Defendants violate Federal and State disability rights laws as well as Defendants respective duties under the California Government Code and common law. On October 4, 2020, inaccessible and hazardous conditions that Plaintiffs encountered while using a curb ramp and related elements on or near the southwest corner of Kalmia and Jefferson Avenues in the City of Murrieta, resulted in each of them being severely injured by said hazardous and inaccessible conditions created or allowed to exist by Defendants. Additionally, Plaintiffs are informed and believe, and based thereon allege, that other inaccessible curb ramps and other related facilities, features, elements, and conditions, including, but not limited to, dangerous and inaccessible pedestrian surfaces exist in multiple locations in the public rights of way within the City of Murrieta, which were and are designed and/or constructed and/or owned and/or operated and/or maintained and/or inspected and/or subject to modifications and alterations by Defendants CITY OF MURRIETA and or DOES 1-3, and create a violation of each of Plaintiffs' State and Federal civil rights, as well as posing a hazard to Plaintiffs and other similarly situated persons.

2.      As a result of the inaccessible and hazardous facilities, features, elements and conditions, and other harmful conduct as alleged herein, Plaintiffs suffered severe physical personal injuries, as well as a denial of their civil rights. At all times herein mentioned, Plaintiff V. P. was and is a "person with a disability" or "physically handicapped person," who is mobility impaired, and unable to safely use portions of curb ramps, walkways, sidewalks, and other public facilities that are not fully accessible to physically disabled persons.

3.      Plaintiffs seek injunctive relief, recovery of damages for both the personal injuries they incurred and the violation of their civil rights, and recovery of reasonable attorney fees, litigation expenses, and costs.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction of this action, pursuant to the following:  (a) 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter, the "ADA"), 42 U.S.C. §§ 12101 et seq.; (b) 28 U.S.C. § 1343(3) for claims arising under § 504 of the Rehabilitation Act of 1973 (hereinafter the "Rehabilitation Act"); and (c) 28 U.S.C. § 1367(a) for supplemental jurisdiction over attendant and related causes of action arising from the same nucleus of facts and brought under California law, including, but not limited to, violations of California Civil Code §§ 51, 54, 54.1, violations of California Government Code §§ 815.6 and 835, and common law negligence. This court also has jurisdiction over Plaintiffs' claims for declaratory or injunctive relief, pursuant to the ADA, the Rehabilitation Act of 1973, 28 U.S.C. § 2202, Rule 65 of the Federal Rules of Civil Procedure and State law authorizing injunctive relief.

5.      Venue is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs' claims arose within the Judicial District of the United States District Court for the Central District of California. The incident occurred in the City of Murrieta and on information and belief, the City of Murrieta and/or DOES

- 3 -

1-3 have and at all relevant times had the responsibility for the design and/or construction and/or ownership and/or operation and/or maintenance and/or inspection and/or modifications and alterations to the area of the public right of way where Plaintiffs were injured as well as the rest of the public rights of way within the City of Murrieta. Venue is also proper under 28 U.S.C. § 1391(b)(1) because Defendants are located and/or reside in this district.

## **PARTIES**

6.     Plaintiff V. P. is, and at all times relevant to this Complaint was, a "physically disabled person" and a "person with disabilities," as these terms are used under California law and under Federal laws, including, but not limited to, Section 504 of the Rehabilitation Act of 1973 and the ADA and the California Civil Code. The terms "physically disabled person," "person with a disability," and a "person with disabilities" will be used interchangeably throughout this Complaint. V. P. requires the use of a wheelchair or other mobility device when she is in public and she cannot ambulate. Plaintiff S. PROCKO is Plaintiff V.P.'s mother.

7.     Defendants CITY OF MURRIETA (the "CITY") and DOES 1-3 (collectively, the "Government Defendants") are public entities that, on information and belief, at all times relevant to this Complaint, designed, and/or constructed, and/or modified, and/or altered, and/or maintained, and/or were responsible for maintaining, and/or inspected, and/or were responsible for inspecting, and/or owned, and/or operated, and/or exerted control over, and/or exerted control over the design, construction, maintenance, inspection, or modification of the curb ramp and related adjacent features and elements where Plaintiffs were injured on October 4, 2020 and is located at or about the Southwest corner of Kalima and Jefferson Avenues, as well as other portions of public right-of-way features, facilities, elements, and conditions throughout the CITY.

8.     On information and belief, Defendant DOES 4-40 are or were agents,

- 4 -

contractors, subcontractors, or employees of Defendants the CITY, and/or DOES 1-3. On information and belief DOES 41-50 are non-governmental persons who own, operate, control, or hold any real property interest in or to real property that underlies or adjoins the public right-of-way features or elements where Plaintiffs were injured.

9.    On information and belief, Defendants the CITY, and DOES 1-3 wrongfully discriminated against Plaintiffs on the basis of V.P.'s disability as part of a joint venture and common enterprise. Plaintiff S. PROCKO was also the victim of this illegal discrimination as she is a person associated with a person with a disability and she suffered distinct harms that are attributed to association with her daughter and directly connected to the failures of the Government Defendants to discharge their duties under Federal and State disability rights laws, as set forth herein.

10.    Based on information and belief, Plaintiffs allege that all of the named Defendants and DOE Defendants were negligent in connection with the manner in which they designed and/or constructed and/or modified and/or maintained and/or inspected and/or owned, and/or operated and/or exerted control over the design, construction, maintenance, inspection, modification, and/or alteration of the curb ramp and adjacent gutter/street area where Plaintiffs were injured.

11.    Plaintiffs do not know the true identities of DOES 1-50 at this time and shall pray leave to substitute the true names of each such Defendant when they have been ascertained.

12.    Plaintiffs do not know the relative responsibilities of the DOE Defendants with respect to the design, construction, modification, alteration, maintenance, or inspection of the portion of the public right of way where Plaintiffs were injured or the operation of the programs, services, activities, public accommodations, features facilities, and elements herein complained of, and allege a joint venture and common enterprise by Defendants in the ownership and/or

- 5 -

operation of each such program, service, activity, public accommodation, and public accommodations, facilities and elements.

13.     Plaintiffs are informed and believe that each of the Defendants herein is the agent, servant, employee, representative, joint venturer and/or common enterprise affiliate of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity or joint venture or common enterprise, and is responsible, in some manner, for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

14.     Plaintiffs are informed and believe, and on that basis allege, that each of the named Defendants and each of the fictitiously named Defendants are legally responsible in some manner for the occurrences herein alleged, and that the injuries as alleged herein were caused by the acts and/or omissions of such Defendants. Adherence to the fiction of the separate existence of these certain Defendants as an entity distinct from certain other Defendants would permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

15.     This complaint is pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## GOVERNMENT CLAIM FILED

16.     A proper and timely tort claim was presented to the CITY OF MURRIETA on behalf of Plaintiffs, pursuant to Government Code § 910 et seq., and this action was thereafter timely filed within all applicable statutes of limitation. The Claims for both Plaintiffs were rejected by letters dated July 13, 2021.

## FACTUAL BASIS FOR COMPLAINT AGAINST ALL DEFENDANTS

17.     On October 4, 2020, on or near the southwest corner of Kalmia and Jefferson Avenues, in Murrieta, California, Plaintiff S. PROCKO was pushing her

*COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES*

daughter, V.P. in a wheelchair. V.P. suffers from non-ambulatory, spastic cerebral palsy. Plaintiff S. PROCKO stopped and waited for the walk signal. When the signal changed to the walk sign, she pushed the wheelchair from the sidewalk to the crosswalk. The wheelchair got caught and stopped suddenly due to the inaccessible and hazardous conditions of the curb ramp and adjacent structures where the path of travel intersects the gutter and street.

18.    When the wheelchair caught and stopped suddenly, Plaintiff S. PROCKO fell over the wheelchair and onto the ground. She suffered extensive injuries, including but not limited to injuries to her head, neck and back. Plaintiff V.P. went forward within the wheelchair and suffered extensive injuries, including but not limited to multiple left foot fractures, and a left knee injury. Some of these injuries may be permanent in nature and the cost of Plaintiffs' medical expenses and future care and losses are unknown at this time. The above incident occurred because of the inaccessibility of the subject curb ramp and adjacent elements. In violation of Federal and State access standards, the threshold transitions at the lip of the curb ramp and the gutter as well as the transition between the gutter and the street exceeded allowable standards that require that such features demonstrate no more than a ¼ inch abrupt change in level (or up to ½ inch if beveled at 2:1). The transition between the gutter and the street demonstrated abrupt changes in level of 1 1/8 inch. The threshold transition between the gutter and the curb ramp demonstrated a 5/8 inch abrupt change in level. Further, the slope of gutter was excessive, demonstrating slopes of up to 6.4% and exacerbating the hazards caused by the above-described unlawful changes in level. The ramp also demonstrated an inaccessible and ambiguous cross slope of between 2.3% and 3.7%. These conditions created a "trap" for the wheels of V.P.'s wheelchair, causing it to stop abruptly and resulting in the injuries that Plaintiffs suffered as more fully set forth herein.

*COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES*

19.     There was no alternate route in this public right of way, in violation of state and Federal disability rights laws and Defendants' duties under the Government Code and/or common law. The incident occurred as a proximate result of the dangerous condition permitted and maintained by the CITY and/or other Government Defendants. The dangerous conditions violated state and Federal disability rights laws. Neither Plaintiff was in any way responsible for the incident that occurred on October 4, 2020, nor any of their respective injuries and damages.

20.     On information and belief, Plaintiffs allege that the CITY and/or any other Government Defendants, owned or controlled the property where the incident occurred, and that the curb ramp and adjacent elements were in a dangerous condition at the time of the incident and that these dangerous condition(s): (i) created a reasonably foreseeable risk of the kind of incident that occurred; (ii) that negligent or wrongful conduct of employees and/or contractors of the CITY and/or any other Government Defendants, acting within the scope of his/her/their employment, created the dangerous condition; (iii) that the CITY and/or any other Government Defendants had notice of the dangerous condition(s) for a long enough time to have protected against it/them.

21.     With specific reference to the CITY and any other Government Defendants, said entities' failure to provide and maintain safe and accessible curb ramps and other public rights of way features caused Plaintiffs to suffer (in addition to the injuries and losses described herein), denial of their civil rights, including the denial of the right to full and equal and meaningful access to public rights of way owned, operated, or maintained by the CITY and/or any other Government Defendants, and the programs, services, and activities of using the public rights of way within the CITY, all to their general, special, and statutory damages. Moreover, as a result of Plaintiffs' injuries and the inaccessible condition of other public right-of-way features, facilities, and elements (including, but not limited to curb ramps) within the CITY, Plaintiffs each have suffered a denial of their civil

- 8 -

rights that continue to the date of the filing this Complaint. Plaintiffs will continue to suffer deprivation of their civil rights until the CITY and/or any other Government Defendants provide and maintain safe and accessible public rights-of-way, including accessible and safe curb ramps. On information and belief, Plaintiffs allege that the type of barriers that caused Plaintiffs' injuries, are common within the CITY, and that curb ramps that demonstrate hazardous and inaccessible slopes, cross slopes, obstacles, and abrupt changes of level pervade within the CITY even in areas that are seemingly relatively recently constructed or altered. An analysis of multiple curb ramps and related features within the CITY revealed common and inexcusable failures to design and build compliant curb ramps and related public right of way features.

22.     On information and belief, Plaintiffs allege that at all relevant times herein mentioned, Defendants had actual and/or constructive knowledge of the dangerous conditions and the risk of injury of the type suffered by Plaintiffs, with sufficient time to eliminate the defects and dangers in question and failed to eliminate said defects and dangers. The areas where Plaintiffs were injured, and their signing, configuration, and construction, resulted from illegal, negligent, inadequate, and/or incomplete design, and/or construction, and/or maintenance, and/or modification or alteration, and/or inspection, and/or other unusual conditions, in conjunction with a lack of warnings. Given what the Defendants knew or should have known about the conditions of use, the curb ramp and street/gutter area where Plaintiffs were injured constituted a trap for wheelchair users and others traveling on the aforementioned sidewalk and exposed wheelchair users and others, including Plaintiff V.P. and S. PROCKO, to a significant risk of being injured by the dangerous conditions set forth above. Though the dangerous conditions (both at the location where Plaintiffs were injured and throughout the jurisdiction of the CITY and/or other Governmental Defendants) posed a special and unique risk to people

*COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES*

who use wheelchairs or other mobility devices and those persons who assist or accompany them.

23.     Plaintiffs are informed and believe, and on that basis allege, that Defendants owed a duty of care to Plaintiffs to design, construct, alter, modify, inspect, and maintain the public right of way features where each was injured with reasonable care, that Defendants failed to exercise such care and diligence, and that the result of Defendants' breach of their duty of care resulted in Plaintiffs' injuries and attendant damages. Additionally, Plaintiffs aver that the condition of the public right of way elements on which they were injured (as well as other public right of way features, facilities, and elements) was so patently dangerous that Defendants intentionally allowed the condition to exist or that it was allowed to exist because of deliberate indifference on the part of Defendants, to the detriment and fate of Plaintiffs and people similarly situated.

24.     On information and belief, Plaintiffs allege that Defendants designed, and/or constructed, and/or modified, and/or maintained (or had a duty to maintain), and/or inspected, and/or owned, and/or operated, and/or exerted control over the design, construction, maintenance, inspection or modification of the curb ramp and adjacent elements where Plaintiffs were injured or some portion thereof or had a duty to do so.

25.     Pursuant to the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, as well as California Civil Code Sections 54 and 54.1, California Government Code Section 4450 et seq., Title 24-2 of the California Code of Regulations, and other state laws and regulations (collectively, "Disability Rights Laws") the CITY (as well as any other public entity that exerted control or authority over any of the public rights of way that directly or indirectly are implicated in this action, (or which directly or indirectly proximately caused the violations set forth herein) were at all times relevant required to design, construct, alter, modify and maintain features in the public right of way in compliance with

- 10 -

applicable regulations governing the accessibility of said elements, features or facilities that said Defendants own and/or over which they exerts control or authority. These duties are non-delegable.

26.    Additionally, Federal and state Disability Rights Laws require the CITY and any other Government Defendants to ensure that features and elements in the public right of way provide access to specific programs, services, and activities, as well as providing an accessible program of public right of way access throughout the CITY. See e.g., *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002).

27.    In proximately causing the incident, and the injuries, harms, and other losses suffered by Plaintiffs, as well as the Disability Rights Laws violations, the CITY and/or any other Government Defendants failed to meet obligations under applicable Disability Rights Laws by: (i) designing or constructing (or allowing others to design or construct) inaccessible curb ramp features and related elements, including gutters and streets  (on which and as a proximate result of which Plaintiffs were injured) in the public right of way; and/or (ii) failing to modify, alter and/or maintain and repair those features in the public right of way to provide a safe and accessible routes to Plaintiffs  and other persons similarly situated.

28.    Plaintiffs are informed and believe, and on that basis allege, that the failure of the CITY and/or any other Government Defendants to meet obligations and duties under Disability Rights Laws was both intentional and/or in reckless disregard of their rights and without regard to their safety with respect to its public right of way elements in general and particularly with respect to the curb ramp and adjacent elements where Plaintiffs were injured on October 4, 2020. As of the date of the incident complained of herein, Claimant is informed, believes, and thus alleges that the CITY and/or any other Government Defendants had actual knowledge and/or notice of the failure of the complained of public right of way features to meet and comply with their obligations under Disability Rights Laws and

in any event had a preexisting non delegable duty to ensure against the features and elements being in an inaccessible and dangerous condition.

**FIRST CLAIM**
**(Against Defendants CITY OF MURRIETA, and DOES 1-3)**
[FOR DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990]

29.     Plaintiffs re-allege and incorporate by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint.

30.     At all times herein mentioned, Plaintiffs were entitled to the protections of the "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by any public entity as defined by 42 U.S.C. section 12131. Pursuant to 42 U.S.C. 12132, section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the "services, programs or activities" of a public entity, or be subjected to discrimination by such entity. Plaintiff V.P. was, at all times relevant herein, a qualified individual with a disability for all purposes under the ADA.

31.     In violation of Title II of the ADA, the CITY and/or any other Government Defendants have failed to ensure that individuals with physical disabilities, such as Plaintiff V.P., and by association her mother S. PROCKO, are not excluded from the "services, programs and activities" of its public sidewalk and other features and facilities and elements within the public right of way (including, but not limited to, curb ramps). By reason of the discriminatory policies regarding the failure to provide and maintain accessible and useable public right-of-way features, facilities, elements, and conditions, including curb ramps, public sidewalks and walkways, so as to render them "accessible to and useable by" mobility impaired persons, the CITY and/or any other Government Defendants have intentionally discriminated against Plaintiffs, in violation of Title II of the ADA and the regulations adopted to implement the ADA. The condition of the Government

*COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES*

Defendants' public rights-of-way, particularly their curb cuts, prevent people with disabilities, including Plaintiff V.P., (and by association S. PROCKO) from meaningful participation in basic civic activities within their jurisdiction. Constructing, altering, and maintaining curb ramps, sidewalks and other public right of way features, facilities, and elements in an accessible condition is a critical part of a public entity's duties, under §§ 35.150 of 28 C.F.R. Part 35.

32.    In addition, on information and belief, the CITY and/or any other Government Defendants have violated their duties under the regulations set forth in §35.151 of 28 C.F.R. Part 35 governing the design, construction, modification, and alteration of elements, features, and facilities in the public right-of-way, as well as their duty to maintain accessible features, elements, and facilities in an accessible condition.

33.    Pursuant to §35.150 (a) (1) of 28 C.F.R. Part 35:  "Each facility or part of a facility constructed by, on behalf of, or for the use of a public entity shall be designed and constructed in such manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities, if the construction was commenced after January 26, 1992."  Pursuant to §35.150 (b) (1) of 28 C.F.R. Part 35: "Each facility or part of a facility altered by, on behalf of, or for the use of a public entity in a manner that affects or could affect the usability of the facility or part of the facility shall, to the maximum extent feasible, be altered in such manner that the altered portion of the facility is readily accessible to and usable by individuals with disabilities, if the alteration was commenced after January 26, 1992."

34.    Pursuant to §35.150 (i) of 28 C.F.R. Part 35 (and prior to the adoption of the 2010 amendments to 28 C.F.R. Part 35, section 35.150 (e) of 28 C.F.R. Part 35), when streets are resurfaced or otherwise altered or subject to substantive maintenance, accessible and complaint curb ramps associated with said streets must be installed.

- 13 -

35.    On information and belief, the CITY and/or any other Government Defendants constructed and/or altered curb cuts or repaired portions of the public right-of-way within their respective jurisdiction in a manner that violated and continues to violate Title II of the ADA; including the curb ramp and related features, including the gutter and or street where Plaintiffs were injured on October 4, 2020. Additionally, to the extent that the CITY and/or any other Government Defendants altered or repaired streets in a manner that affected or could affect the usability of said streets, on or after January 26, 1992, they were required, pursuant to Section 35.151(b)(4) of 28 C.F.R. Part 35, to improve the curb ramps and sidewalks that were adjacent to and formed (along with said streets) part of the circulation path throughout the Governmental Defendants' jurisdiction.

36.    Without limiting the foregoing, on information and belief, Plaintiffs aver that, on or after January 26, 1992, the Governmental Defendants have resurfaced portions of streets, including without limitation to streets that are adjacent to the curb ramp where Plaintiffs were injured, in a manner that would have required the installation of fully compliant curb ramps and the improvement of accessible sidewalks.

37.    On information and belief, to the date of the filing of this Complaint, the CITY and/or any other Government Defendants have failed to make the curb ramps throughout the CITY accessible to and useable by people with disabilities and/or ensure that said Government Defendants and third parties design, construct, alter, inspect, and maintain curb ramps and other public right of way features, in a useable and accessible condition, as required by law.

38.    Plaintiffs' desire (and need to) utilize the public rights-of-way in the CITY. Plaintiffs aver that, based on the design and condition of the features they encountered (and on information and belief that exist within respect to other curb ramps and public rights-of-way elements in the CITY), that Defendants intentionally violated the ADA and other Disability Rights Laws as demonstrated, at the least,

- 14 -

through deliberate indifference to the needs and safety of people with disabilities as to the condition of curb ramps and associated public right of way features and elements.

39.    As a direct and proximate result of the named Defendants' violations of the ADA, Plaintiffs sustained injuries and damages, and against each Defendant named in this cause of action, is entitled to the relief sought in this Action, including injunctive relief and all damages as set forth in the Prayer, *infra*.

**SECOND CLAIM**
**(Against Defendants CITY OF MURIETTA and DOES 1-3)**
[FOR VIOLATIONS OF § 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794)]

40.    Plaintiffs re-allege and incorporate by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint.

41.    Plaintiffs aver, on information and belief, that the Defendants the CITY, and/or DOES 1-3 are each a government agency existing under the laws of the State of California with responsibility for, *inter alia*, owning, operating, and maintaining the subject curb ramps and other public right of way elements and path of travel programs, services, activities, and facilities described hereinabove within the CITY. Plaintiffs are informed and believe, and thereon allege, that the CITY and/or other Government Defendants, and each of them, has been a recipient of Federal financial assistance, and that part of that financial assistance was and is used to fund the construction, alteration, and operations of the subject public rights of way elements including curb ramps, streets, sidewalks, walkways, and paths of travel programs, services, activities, facilities, and other related functions in the city.

42.    The CITY and/or other Government Defendants have, on information and belief, failed to ensure that individuals with physical disabilities and those with whom they associate, such as Plaintiffs, are not excluded from the "services, programs and activities" of its public rights of way, as more fully set forth

- 15 -

hereinabove, in the First Claim. By reason of the Government Defendants'
discriminatory policies regarding the failure to provide accessible elements,
features, and conditions in and to its public sidewalk and other features, facilities,
and elements of their public rights of way, so as to render them "accessible to and
useable by" mobility impaired persons, the Government Defendants have
intentionally discriminated against Plaintiff in violation of section 504 of the
Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated
thereunder: including those regulations governing: (i) the design, construction,
modification, and alteration of elements and facilities in the public right-of-way or
other public properties;  (ii) the inspection and maintenance of said elements and
facilities, so that they remain in an accessible and useable condition; and (iii) the
provision of accessible programs, services and activities in the city.

43.    Plaintiffs desire (and need to) utilize the public rights-of-way in the
CITY. Plaintiffs aver that, based on the condition of the features they encountered
(and on information and belief that exist within respect to other curb ramps and
public rights-of-way elements in the CITY), that Defendants intentionally violated
the ADA and other disability rights laws as demonstrated, at the least, through
deliberate indifference to the needs and safety of people with disabilities as to the
condition of curb ramps and associated public right of way features and elements.

44.    Plaintiffs aver that, based on the condition and design of the features
they encountered (and on information and belief that exist within other portions of
the Governmental Defendants public rights-of-way), Defendants intentionally
violated the Rehabilitation Act  and other disability rights laws as demonstrated, at
the least, through deliberate indifference to the needs and safety of people with
disabilities as to the condition of sidewalks and walkways and elements and features
contained therein.

45.    As a direct and proximate result of the named Defendants' violations of
the Rehabilitation Act, Plaintiffs sustained injuries and damages, and against each

- 16 -

Defendant named in this Claim, are entitled to the relief set forth in the Prayer, *infra*, including all damages and penalties allowed under Federal law, attorneys' fees, and injunctive relief.

**THIRD CLAIM**
**(Against Defendant CITY OF MURRIETTA and DOES 1-3)**
[FOR VIOLATIONS OF MANDATORY DUTY OF PUBLIC ENTITIES TO
PROTECT AGAINST PARTICULAR KINDS OF INJURIES UNDER
CALIFORNIA GOVERNMENT CODE § 815.6)]

46.     Plaintiffs re-allege and incorporate by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint.

47.     Section 815.6 of the California Government Code provides that, where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

48.     On information and belief, the Government Defendants did not discharge a number of statutorily mandated duties imposed by Federal and State statutes and regulations, as enumerated herein, all of which were enacted specifically for the purpose of protecting Plaintiff V.P., other people with disabilities and people associated with said persons from discrimination and injuries. These duties include those set forth in the First Claim, above, for violation of the ADA; the Second Claim, above, for violation of Section 504 of the Rehabilitation Act of 1973; and the Fifth Claim, below, for violations of sections 54 and 54.1 of the California Civil Code and Government Code section 4450 et seq. as well as the Title 24-2 of the California Code of Regulations (the California Building Code). Each of these laws, statutes, and regulations were designed to prevent the acts of discrimination and injuries, including the physical injuries, harms and other losses suffered by

- 17 -

1  Plaintiffs.

2     49.    Discovery has not commenced; investigation is only in its initial stages

3  and is limited because the Government Defendants have control of access to staff

4  and records and information material to these claims. After discovery is underway,

5  Plaintiffs may learn more about other and additional mandatory duties that were

6  violated and had a causal effect on the events and damages complained of herein.

7  Therefore, Plaintiffs intend to seek leave to amend this Complaint, accordingly, as

8  may become appropriate, up to the time of trial.

9     50.    As set forth herein, Plaintiff V.P. is a person with a disability and is in

10  all respects qualified and able to use public sidewalks, walkways, and paths of

11  travel, and other features and elements in the public right of way. Her mother, S.

12  PROCKO is a person protected from discriminatory harms based on association

13  with her daughter, The CITY and/or any other Government Defendants have (and at

14  all relevant times herein had) a duty to provide safe and accessible paths of travel on

15  curb ramps, sidewalks and other features, facilities, or elements in the public right of

16  way that they own, operate, and maintain, or over which they otherwise exert

17  control or responsibility. Plaintiffs are informed and believe, and based thereon

18  allege, that the CITY and/or any other Government Defendants were/are aware of

19  the discriminatorily inaccessible and hazardous conditions of subject curb ramp and

20  adjacent elements where Plaintiffs were injured as well as other inaccessible public

21  right of way conditions and elements in the city. Plaintiffs are informed and believe,

22  and based thereon allege that, despite knowing of these discriminatorily inaccessible

23  and hazardous conditions, the Government Defendants did not exercise reasonable

24  diligence or take appropriate steps to eliminate or mitigate these conditions.

25     51.    On information and belief, the Government Defendants failed to

26  discharge the duties referenced herein, thereby discriminating against Plaintiff V.P.

27  and those associated with her and endangering her, as well as other persons similarly

28  situated.

*COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES*

52.    The Government Defendants are statutorily liable under §§ 815.2 and 815.4 of the California Government Code for the negligence and misconduct of their employees and contractors in violating Government Code § 815.6, as such negligence and misconduct occurred within the scope of their employment. The failure and refusal of the employees or contractors of the CITY and/or other Government Defendants to abide by the mandates of California Government Code § 815.6 was, on information and belief, not the result of any exercise of discretion vested in any of Defendants' employees, or contractors; to the contrary, any and all employee of contractors of Defendants had a duty to abide by the mandates of § 815.6 and all similar statutes designed to prevent the types of injuries suffered by Plaintiffs.

53.    The violations of mandatory duties enunciated above were a substantial factor in causing Plaintiffs' respective injuries, harms, losses, and discrimination, as set forth in this Complaint for which the CITY and/or any other Government Defendants, and each of them, are responsible. Neither Plaintiff was, in any way, at fault for the incident wherein each sustained said injuries.

54.    Plaintiffs' injuries, including their respective physical injuries and denial of their civil rights, could have been prevented if the CITY and/or other Government Defendants had discharged affirmative obligations required under statutes and regulations. The occurrences and harms alleged herein are within the scope of concerns, injuries, or harms precisely targeted for prevention by the statutes and regulations cited in this Claim, and as set forth in this Complaint.

55.    As a direct and proximate result of the named Defendants' breaches of their mandatory duties, Plaintiffs sustained injuries and damages, and against each Defendant subject to this Claim, as that set forth in the Prayer, *infra*.

**FOURTH CLAIM**
**(Against Defendants CITY and DOES 1-3)**
[FOR DANGEROUS CONDITION OF PUBLIC PROPERTY UNDER
CALIFORNIA GOVERNMENT CODE § 835]

*COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES*

56.    Plaintiffs re-allege and incorporate by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint.

57.    Section 835 of the California Government Code provides that, except as otherwise provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiffs establish that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: (a) a negligent or wrongful act or omission of an employee of the public entity within the scope of his or her employment created the dangerous condition; or (b) the public entity had actual or constructive notice of the dangerous condition under § 835.2 and a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

58.    On information and belief, at relevant times set forth in this Complaint, the CITY and/or other Government Defendants owned and/or controlled the property where Plaintiffs were injured.

59.    Plaintiffs allege, on information and belief, that the dangerous condition of the curb ramp and adjacent elements where Plaintiffs were injured: (a) was created by the negligent or wrongful acts or omissions of one or more employees of one or more of the CITY and/or another Government Defendant acting within the course and scope of their employment, and/or (b) Defendants CITY and DOES 1-3 had actual or constructive notice of the dangerous conditions that injured Plaintiffs with a sufficient amount of time prior to the injuries to have taken measures to protect against the dangerous condition.

60.    The condition of the curb ramp and adjacent elements that caused Plaintiffs' injuries on October 4, 2020, and the acts or omissions of Defendants (including the acts or omissions of their employees acting within the course and

*COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES*

scope of their duties) or contractors created a reasonably foreseeable risk of the kind of injury, which was incurred, as described herein.

61.    The violations of the duties enunciated above were the proximate cause of and a substantial factor in causing Plaintiffs' injuries, harms, losses, and discrimination, as set forth in this Complaint, for which the CITY and any other Government Defendants, and each of them, are responsible. Plaintiffs were, in no way, at fault for the incident wherein they sustained said injuries.

62.    As a direct and proximate result of the above-described dangerous condition under California Government Code § 835, Plaintiffs sustained injuries and damages, and against each Defendant named in this cause of action, are entitled to the relief as set forth in the Prayer, *infra*.

**FIFTH CLAIM**
**(Against Defendants CITY and DOES 1-3)**
[FOR VIOLATION OF SECTIONS CALIFORNIA CIVIL CODE §§, 54, 54.1 AND CALIFORNIA GOVERNMENT CODE §§ 4450 et seq.]

63.    Plaintiffs re-allege and incorporate by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint.

64.    At all times relevant to this Complaint, California Civil Code section 54(a) has provided, in pertinent part, that: "(a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings. . . public facilities and other public places."

65.    At all times relevant to this Complaint, California Civil Code section 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public accommodation:

. . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public,

- 21 -

to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles. . . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

66.    Plaintiffs are informed and believe, and therefore allege, that the specified public right of way elements on which they were injured on October 4, 2020, were required to be accessible both on and before the date of their injuries as were the programs, services, and activities of the CITY and/or any other Government Defendants with respect to curb ramps and other features, facilities, and elements in the public right of way. As noted, *supra*, they were required to comply with the ADA and Rehabilitation Act of 1973. and were required to be accessible within the meaning of California Government Code §§ 4450 and 4451 *et seq*.

67.    Plaintiffs are further informed and believe, and therefore allege, that the CITY and/or other Government Defendants constructed and/or conducted alterations, structural repairs, modifications, or additions of curb ramp elements on which Plaintiffs were injured or on other property connected therewith, since 1968, within the meaning of Government Code §§ 4450 *et seq*., including § 4456, thereby requiring provision of access to persons with disabilities, as required by law. These duties extend to persons associated with persons with disabilities, including Plaintiff S. PROCKO.

68.    Plaintiffs are informed and believe and based thereon allege that the curb ramp and adjacent elements that caused the injuries they suffered on October 4, 2020, were constructed and/or subject to conduct alterations, structural repairs, modifications in violation of the Government Code §§ 4450 *et seq* and specifically in violation of Title 24-2 of the California Code of Regulations.

- 22 -

69.    Additionally, Title 24-2 of the California Code of Regulations requires that facilities and elements that are required to be accessible must be maintained in an accessible condition. Further, Plaintiffs allege that, at all relevant times, the CITY and/or other Government Defendants were required to comply with Title II of the ADA, as more fully set forth in the First Claim, above, and failed to do so, including, without limitation, failures in: (i) the design, construction, modification, and alteration of elements and facilities in the public right of way or other public properties; (ii) the inspection and maintenance of said elements and facilities so that they remain in an accessible and useable condition; and (iii) the provision of accessible programs, services, and activities.

70.    Plaintiff V.P. and other similarly situated people with mobility disabilities are unable to use curb ramps, sidewalks and other features, facilities, and elements in the public right of way on a "full and equal" basis, unless each such facility is in compliance with the provisions of California Government Code §§ 4450 *et seq*. and the ADA. Plaintiffs are members of that portion of the public whose rights are protected by the provisions of Government Code §§ 4450 *et seq.*

71.    On information and belief, the actions, and omissions of the CITY and/or other Government Defendants, as herein alleged, constitute a denial of access to and use of the described curb ramps, sidewalks, public elements, and facilities by Plaintiff V.P. and other similarly situated physically disabled persons within the meaning of Government Code §§ 4450 *et seq.* As a result of Defendants' action and omissions, Defendants have discriminated against Plaintiffs in violation of Government Code §§ 4450 *et seq.*, and in violation of the regulations adopted to implement § 4450, as set forth in the California Code of Regulations, Title 24-2. A violation of §§ 4450 *et seq.* constitutes a violation of the general anti-discrimination provisions, Civil Code §§ 54 and 54.1. As a person associated with a person with a disability (and who suffers a distinct harm based on discrimination of Defendants), Plaintiff S. PROCKO may maintain an action under Civil Code §§ 54 and 54.1.

- 23 -

72.     Each violation of the Americans with Disabilities Act of 1990 (as pleaded in the First Claim) also constitutes a violation of §§ 54(c), and 54.1(d) of the California Civil Code, thus independently justifying an award of damages pursuant to California law. Plaintiffs allege that she has been denied such full and equal access as required by California law, which incorporates Title II of the ADA.

73.     Each violation of each of the Plaintiffs' rights under §§ 54 or 54.1 of the Civil Code entitle Plaintiffs to an award of up to three times their actual damages, for each violation of their rights as well as attorneys' fees, and costs, pursuant to § 54.3 of the Civil Code.

74.     As a direct and proximate result of Defendants' violation of California Civil Code §§ 54, and/or 54.1, Plaintiffs each sustained the injuries, damages, and discrimination set forth and described herein.

**SIXTH CLAIM**
**(Against Defendants DOES 4-50)**
[NEGLIGENCE, PREMISES LIABILITY, AND NEGLIGENCE PER SE]

75.     Plaintiffs re-allege and incorporate by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint.

76.     At all relevant times, the Defendants owed Plaintiffs a duty of due care. Defendants were negligent, Plaintiffs were harmed, and Defendants' negligence was a substantial factor in causing Plaintiffs' harms.

77.     An owner of and/or a lessee of and/or an occupier of and/or one who controls property must avoid creating or permitting to exist an unsafe condition on the surrounding public streets or sidewalks.

78.     As a separate and distinct duty, under California Streets & Highway Code § 5610, "[t]he owners of lots or portions of lots fronting on any portion of a public street or place when that street or place is improved or if and when the area between the property line of the adjacent property and the street line is maintained

- 24 -

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

as a park or parking strip, shall maintain any sidewalk in such condition that the sidewalk will not endanger persons or property and maintain it in a condition which will not interfere with the public convenience in the use of those works or areas save and except as to those conditions created or maintained in, upon, along, or in connection with such sidewalk by any person other than the owner, under and by virtue of any permit or right granted to him by law or by the city authorities in charge thereof, and such persons shall be under a like duty in relation thereto."

79.    At all relevant times, the Defendants owned and/or leased and/or occupied and/or controlled (or otherwise had a real property interest in) some portion of the real property either: (i) upon which the public right of way features where Plaintiffs were injured was located and/or (ii) adjacent to the area where Plaintiffs were injured. Defendants were negligent in the use or maintenance of the subject property, Plaintiffs were harmed, and Defendants' negligence was a substantial factor in causing Plaintiffs' harms.

80.    At all relevant times, a condition on Defendants' property created an unreasonable risk of harm; Defendants knew or, through the exercise of reasonable care, should have known about it; and, Defendants failed to repair the condition, protect against harm from the condition, or give adequate warning of the condition.

81.    At all times mentioned herein, the area where the subject incident occurred on October 4, 2020, created and/or was in a dangerous condition due to the negligence and other breaches of duty owed to Plaintiffs by the named Defendants.

82.    As a proximate result of the dangerous conditions, Plaintiffs sustained serious and permanent injuries and attendant damages, as set forth herein.

83.    The known dangerous conditions, as described above, created a substantial risk of the type of injury alleged herein when the Property was used with due care, and in a manner in which it was reasonably foreseeable that such property would be used.

*COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES*

84.    At all times relevant to this Complaint, on information and belief, Defendants, and each of them, owned, operated, maintained, controlled, designed, constructed, altered, modified, equipped, supervised, and administered the area which is the subject of this Complaint, such that they were in some manner substantially responsible for property design, construction, maintenance, repair, inspection, monitoring, and signing, and/or other work that was conducted in the subject area or in the area surrounding the place where the Plaintiffs were injured.

85.    Defendants, and each of them, through their acts and omissions, created the dangerous conditions and/or failed to remedy the dangerous conditions and/or failed to warn of the dangerous conditions.

86.    Defendants, and each of them, had the authority and the funds and other means available to take alternative action that would not have created the dangerous conditions.

87.    Defendants, and each of them, had the authority and the responsibility to take adequate measures to protect against the dangerous conditions that caused Plaintiffs' injuries.

88.    Although these Defendants had actual and/or constructive knowledge of the dangerous conditions of the subject property, they failed to warn the public of the dangerous conditions.

89.    Prior to, or on or about the date of Plaintiffs' injuries, these Defendants, their employees, contractors, subcontractors, and agents, and each of them, acting within the scope of their employment, were negligent and careless, including in doing the acts set forth above, which negligence created the dangerous conditions as described herein.

90.    These Defendants, and each of them, were further negligent in that they failed to monitor and/or inspect their work or the area where Plaintiffs were injured, so as to determine if there were conditions which would develop that would pose a risk of harm to individuals that would be using the public property in a foreseeable

- 26 -

manner, including, but not limited to, persons using wheelchairs. Additionally, Defendants, and each of them, failed to inspect, warn, and perform adequate repair and/or maintenance of the subject property.

91.    Defendants, their employees, contractors, subcontractors, and agents, and each of them, had actual and/or constructive knowledge of the existence of the dangerous condition(s), and knew or should have known of their dangerous character, in that the condition had existed for a sufficient period of time, and was of such a nature, that Defendants, in the exercise of due care, should have discovered the conditions and their dangerous character within a sufficient period of time prior to the occurrence of the incident to have taken measures to protect against the dangerous conditions.

92.    At all times, Defendants failed to install any safety and/or preventative measures to guard against accidents in the area of the property at issue.

93.    As a result of such negligence, Plaintiffs sustained damages.

94.    At all times, Plaintiffs were owed a duty of reasonable care to prevent injury to members of the public, including Plaintiffs, by Defendants. Through their acts and omissions, Defendants, and/or Defendants' agents and employees, acting within the course and scope of their agency or employment, breached the duty of reasonable care to prevent injury to Plaintiffs. As a result of such acts and/or omissions by Defendants, and/or Defendants' agents and employees, Plaintiffs suffered personal injuries and attendant damages. As such, Defendants are liable to Plaintiffs.

95.    Plaintiffs in no way contributed, nor were they in any way at fault, for any of the injuries she sustained, and the negligence of defendants as alleged herein above was a substantial factor in causing Plaintiffs' harms.

96.    To the extent that any Defendants violated any statute, law, or ordinance designed to protect against the sorts of risks that caused the incident that led to Plaintiffs' harms, as described more specifically hereinabove, including, but

- 27 -

not limited to, the ADA, 54, 54.1 of the California Civil Code, §§ 19953 *et seq*. or 4450 *et seq.* of the California Government Code, Title 24-2 of the California Code of Regulations, and any municipal codes concerning the construction, modification, alteration, inspection, and maintenance of features designed to provide for safe and accessible conditions for people with disabilities or the general public, the negligence of said Defendants constitutes negligence *per se*.

97.    To the extent that any of the negligent acts or omissions alleged herein were the result of the negligence of any Defendants' employees acting in the course and scope of their employment, said Defendants are liable for the acts or omissions of said employees under the principles of *respondeat superior.*

98.    As a direct and proximate result of Defendants' negligence and/or negligence per se, Plaintiffs sustained injuries and damages, and against each Defendant named in this Cause of Action, is entitled to the applicable relief as set forth in the Prayer.

WHEREFORE, Plaintiffs respectfully request the following relief:

## PRAYER FOR RELIEF
### AS TO CLAIMS AGAINST THE CITY AND ANY OTHER GOVERNMENT DEFENDANTS FOR THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CLAIMS

1.    Issue a preliminary and permanent injunction (under 42 U.S.C. § 12133) to address violations  of Title II of the ADA as pled in the First Claim, and under 29 U.S.C. 794(a) to address violations of Section 504 of the Rehabilitation Act of 1973 as pled in the Second Claim directing that the CITY and any other Government Defendants -- as current owners and operators of the subject public rights-of-way, features, elements and facilities in the city to modify the above-described features and elements to provide access to the said features to Plaintiffs and persons similarly situated, so that they may obtain the benefits of, and access to these programs, services and activities in a "full and equal" manner;  and to maintain each such subject curb ramp , public sidewalk, walkway, and path of travel

- 28 -

program, service, activity and facility in an accessible and non-hazardous condition; and to continue to maintain adequate subject public curb ramps, sidewalks, walkways, and path of travel programs, services, activities, and facilities for use by disabled persons so long as any such public curb ramps sidewalks, walkways, and path of travel programs, services, activities, and facilities are maintained for the use of able-bodied persons. Particularly, Plaintiffs seek an injunction that would require said Defendants to provide curb ramp features that do not contain inaccessible abrupt changes of level in excess of ¼ inch, provide compliant cross slopes and slopes and improve curb ramp design and construction standards and policies so that they meet the requirements of State and Federal law and to establish protocols for the inspection of curb ramps, sidewalks and walkways that would detect and eliminate said barriers. Without limiting the foregoing, Plaintiffs request injunctive relief to require the CITY and/or any other Government Defendants adopt a maintenance program for public rights-of-way in the city that will eliminate highly hazardous conditions and correct deviations from state and Federal access requirements when it constructs or alters its public rights-of-way or features, facilities or elements in connection therewith including assuring that compliant curb ramps are installed on streets or resurfaced or otherwise altered within the meaning of State and Federal law. Plaintiffs do not seek injunctive relief under any provision of California law.

2.      Retain jurisdiction over the CITY and any other Government Defendants until such time as the Court is satisfied that said Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible and hazardous public rights-of-way as complained of herein no longer occur, and will not recur.

3.      Award to Plaintiffs all appropriate damages, including but not limited to statutory damages, special damages, general damages in an amount within the jurisdiction of the Court, according to proof under: (1) 42 U.S.C. § 12133, (for

- 29 -

violation of Title II of the ADA, as set forth in the First Claim); (2) 29 U.S.C. § 794(a) (for violation of Section 504 of the Rehabilitation Act of 1973 as set forth in the Second Claim); (3) for breach of duties under sections 815.6 and 835 of the California Government Code (as set forth in the Third and Fourth Claims, respectively). Additionally, Plaintiffs each seek up to three times their actual damages for each violation of sections 54 and 54.1 of the California Civil Code (per section 54.3 of the California Civil Code).

4.     Award Plaintiffs all reasonable attorneys' fees, litigation expenses and costs of this proceeding, as provided by 42 U.S.C. section 12133 (for violations of Title II of the ADA), 29 U.S.C. §794(b) (for violations of Section 504 of the Rehabilitation Act of 1973); under section 54.3 for violation of sections 54 and 54.1 of the California Civil Code and under California Code of Civil Procedure 1021.5.

5.     Award prejudgment interest pursuant to California Civil Code section 3291; and

6.     Grant such other and further relief as this Court may deem just and proper.

**AS TO CLAIMS AGAINST ALL PROPER DEFENDANTS FOR THE SIXTH CLAIM**

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant, jointly and severally:

1.     General and special damages pursuant to California Civil Code §§ 3281 and 3333, and/or under common law;

2.     Compensatory damages in an amount according to proof, which is fair, just, and reasonable, and as otherwise may be allowed by California and/or Federal law;

3.     Prejudgment interest pursuant to Civil Code § 3291; and,

4.     For such other and further relief as the Court deems just and proper.

*COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES*

Dated: January 3, 2022          CALIFORNIA TRIAL TEAM, P.C.

                                            */s/ Aaron Brown, Esq.*

                                        By:      Aaron Brown, Esq.
                                                     Attorneys for Plaintiff
                                                     STEPHANIE REONA PROCKO

Dated: January 3, 2022          DERBY, McGUINNESS & GOLDSMITH LLP

                                            */s/ Anthony Goldsmith, Esq.*

                                        By:      Anthony Goldsmith, Esq.
                                                     Attorneys for Plaintiff
                                                     V.P. by and through her
                                                     *Guardian ad Litem* BRYAN PROCKO

## **DEMAND FOR JURY**

Plaintiffs hereby respectfully demand a jury trial in this action for all claims for which a jury is permitted, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 3, 2021          CALIFORNIA TRIAL TEAM, P.C.

                                            */s/ Aaron Brown, Esq.*

                                        By:      Aaron Brown, Esq.
                                                     Attorneys for Plaintiff
                                                     STEPHANIE REONA PROCKO

Dated: January 3, 2021          DERBY, McGUINNESS & GOLDSMITH LLP

                                            */s/ Anthony Goldsmith, Esq.*

                                        By:      Anthony Goldsmith, Esq.
                                                     Attorneys for Plaintiff
                                                     V.P. by and through her
                                                     *Guardian ad Litem* BRYAN PROCKO

*COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES*

FILER'S ATTESTATION

Pursuant to Local Rules, I hereby attest that on January 3, 2022 I, Anthony Goldsmith, Esq., attorney with Derby, McGuinness & Goldsmith, LLP received the concurrence of all counsel in the filing of this document.

                        */s/ Anthony Goldsmith,*

                        Anthony Goldsmith, Esq.

                        DERBY, McGUINNESS & GOLDSMITH, LLP

*COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES*